IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DIANA KAY CRAVEN and DEBRA HUTSON, Each Individually and on Behalf of All Others Similarly Situated<br><br>PLAINTIFFS<br><br>vs.<br><br>McCAFFREE-SHORT TITLE COMPANY, INC., and CARL McCAFFREE<br><br>DEFENDANTS. | Case No.: 2:21-cv-2003 |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Diana Kay Craven and Debra Hutson (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Eric Dirks of Williams Dirks Dameron, LLC, and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint against Defendants McCaffree-Short Title Company, Inc., and Carl McCaffree (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2.     Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to

pay Plaintiffs sufficient overtime wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the District of Kansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Kansas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Kansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Kansas.

## III.     THE PARTIES

10. Plaintiff Diana Kay Craven ("Craven") is an individual and resident and domiciliary of Clay County, Missouri.

11. Plaintiff Debra Hutson ("Hutson") is an individual and resident and domiciliary of Clay County, Missouri.

12. Separate Defendant McCaffree-Short Title Company, Inc. ("McCaffree Title Company") is a domestic, for-profit corporation.

13. McCaffree Title Company's registered agent for service of process is Carl McCaffree at 4701 West 110th Street, Overland Park, Kansas 66211.

14. Separate Defendant Carl McCaffree ("C. McCaffree") is an individual and resident of Kansas.

15. Defendant maintains a website at http://mccaffree-short.com/.

### IV. FACTUAL ALLEGATIONS

16. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

17. C. McCaffree is a principal, director, officer, and/or owner of McCaffree Title Company.

18. C. McCaffree took an active role in operating McCaffree Title Company and in the management thereof.

19. C. McCaffree, in his role as an operating employer of McCaffree Title Company, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedules, and made decisions regarding Plaintiffs' pay, or lack thereof.

20. C. McCaffree, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

21. C. McCaffree acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. McCaffree Title Company acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

23. Defendant is an abstract and title company.

24. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold,

3

or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as computers and office equipment.

25. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

26. Defendant was, at all times relevant hereto, Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

27. Defendant employed Craven from July of 2019 until September of 2020.

28. Defendant employed Craven as an Escrow Processor.

29. Defendant also employed other Escrow Processors within the three years preceding the filing of this lawsuit.

30. Defendant employed Hutson from October of 2018 until the present, although her last day of work was in June of 2020.

31. Defendant employed Hutson as an Escrow Officer.

32. Defendant also employed other Escrow Officers within the three years preceding the filing of this lawsuit.

33. Defendant classified Plaintiffs as salaried employees, exempt from the overtime requirements of the FLSA.

34. Other Escrow Processors and Escrow Officers were also classified as salaried employees, exempt from the overtime requirements of the FLSA.

35. As an Escrow Processor, Craven's duties included clearing loan requirements, communicating with HOAs and lenders, and filling out paperwork.

36. Other Escrow Processors had the same or similar duties as Craven.

37. As an Escrow Officer, Hutson's duties included getting affidavits from title companies, finalizing loan documents, notarizing documents, disbursing funds, getting signatures and recording the documents.

38. Other Escrow Officers had the same or similar duties as Hutson.

39. At all relevant times herein, Defendant directly hired Plaintiffs and other Escrow Processors and Escrow Officers to work in its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

40. At all times material hereto, Plaintiffs were entitled to the rights, protections, and benefits provided under the FLSA.

41. Plaintiffs did not have the authority to hire or fire any other employee.

42. Other Escrow Processors and Escrow Officers did not have the authority to hire or fire any other employee.

43. Plaintiffs were not asked to provide input as to which employees should be hired or fired.

44. Other Escrow Processors and Escrow Officers we were not asked to provide input as to which employees should be hired or fired.

45. Plaintiffs did not exercise independent judgment as to matters of significance in carrying out their duties.

46. Other Escrow Processors and Escrow Officers did not exercise independent judgment as to matters of significance in carrying out their duties.

47. In carrying out their duties, Plaintiffs followed the policies and processes set by Defendant or others involved in the closing process.

48. Other Escrow Processors and Escrow Officers followed the policies and processes set by Defendant or others involved in the closing process.

49. Plaintiffs regularly worked more than 40 hours per week during the relevant time period.

50. Craven estimates she worked approximately 50 hours each week.

51. Hutson estimates she worked approximately 55–60 hours each week.

52. Other Escrow Processors and Escrow Officers also regularly worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiffs.

53. Defendant did not pay Plaintiffs or other Escrow Processors and Escrow Officers 1.5x their regular rate for hours worked over 40 each week.

54. In the course of her employment, Hutson was regularly required to drive to credit unions or customer homes in order to get signatures and finalize loan documents.

55. Hutson drove approximately 200 to 250 miles per week.

56. Defendant did not reimburse Hutson for gasoline or automobile expenses.

57. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

58. Because Defendant failed to reimburse Hutson for mileage, she consistently "kicked back" to Defendant the cost of her mileage, which caused additional overtime violations.

59. At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of sufficient overtime compensation for all of the hours they worked over forty per week.

60. Defendant knew or showed reckless disregard for whether its actions violated the

FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

61. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as salaried employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

63. Plaintiffs propose the following class under the FLSA:

> **All salaried Escrow Processors and Escrow Officers in the past three years.**

64. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

65. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

66. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A. They were paid a salary;

    B. They were not paid an overtime premium for hours worked over forty each week;

and

    C.    They had the same or substantially similar job duties and responsibilities.

67. Plaintiffs are unable to state the exact number of the class but believes that the class exceeds twenty (20) persons.

68. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

69. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

70. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant

## VI.    FIRST CAUSE OF ACTION
**(Individual Claims for Violation of the FLSA)**

71. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

73. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

74. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

75. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

76. Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

77. Despite the entitlement of Plaintiffs to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiffs lawful overtime wages for all hours worked over forty in each one-week period.

78. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

79. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violation)

80. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

81. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, et seq.

82. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

83. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

84. Defendant misclassified Plaintiffs and other similarly situated employees as

9

exempt from the overtime provisions of the FLSA.

85. Despite the entitlement of Plaintiffs and similarly situated employees to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and similarly situated employees an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 in each week.

86. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

87. Defendant knew or should have known that its actions violated the FLSA.

88. Defendant's conduct and practices, as described above, were willful.

89. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

90. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

91. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Diana Kay Craven and Debra Hutson, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violated the FLSA and its relating regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages for all unpaid overtime wages pursuant to the FLSA and its relating regulations;

D. Judgment for liquidated damages pursuant to the FLSA and its relating regulations;

E. An order directing Defendant to pay Plaintiffs prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

WILLIAMS DIRKS DAMERON, LLC
/s/ Eric L. Dirks
Eric L. Dirks
D. Kan. Bar No. 77996
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Facsimile: (816) 945-7118
dirks@williamsdirks.com

SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV To Be Filed*

**ATTORNEYS FOR DIANA KAY CRAVEN and DEBRA HUTSON, PLAINTIFFS**