# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Diana Kay Craven ("Craven") and Debra Hutson ("Hutson"), on the one hand, and McCaffree-Short Title Company, Inc. ("the Company"), on the other hand, to settle any and all differences, disputes, grievances, claims, charges, and complaints, whether known or unknown, that Craven or Hutson has or arguably may have against the Company and its related persons or entities as of the date of this Agreement, including but not limited to any claims relating to or arising out of Craven's and Hutson's employment with the Company, any claims relating to or arising out of the separation of their employment with the Company, and any claims that are or could have been the subject of the lawsuit styled *Diana Kay Craven, et al. v. McCaffree-Short Title Company, Inc., et al*, Case No. 2:21-cv-02003-TC-GEB, pending in the United States District Court for the District of Kansas ("the Court"), Case No. 2:21-cv-02003-TC-GEB ("the Lawsuit"). As used in this Agreement, the term "the Parties" means Craven, Hutson, and the Company.

WHEREAS, Craven and Hutson filed the Lawsuit alleging they were not paid overtime in violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, the Company denies Craven's and Hutson's claims alleged in the Lawsuit and alleges that their duties were exempt from the overtime requirements of the FLSA;

WHEREAS, in the Lawsuit, Craven claimed that she is owed approximately $5,001.00 for unpaid overtime compensation, which amount is denied and disputed by the Company;

WHEREAS, in the Lawsuit, Hutson claimed that she is owed approximately $16,800.00 for unpaid overtime compensation, which amount is denied and disputed by the Company;

WHEREAS, in the Lawsuit, Craven and Hutson also seek liquidated damages in connection with their FLSA claims, but the Company disputes Craven and Hutson are owed any amounts by the Company;

WHEREAS, the parties acknowledge that there is a bona fide dispute over: whether Craven and Hutson were exempt from the overtime requirements of the FLSA; whether Craven and Hutson ever worked over forty hours in a workweek; whether the Company had any knowledge of any overtime hours worked by Craven or Hutson; how many hours were worked by Craven or Hutson in each workweek; and whether the Company previously paid all wages and other compensation due to Craven and Hutson;

WHEREAS, the Parties would like to avoid the time, trouble, expense, and uncertainty associated with continued litigation of Craven's and Hutson's claims alleged in the Lawsuit and are settling those claims as a compromise and with no admission of liability by the Company.

WHEREFORE, in consideration for the covenants, conditions, and obligations set forth in this Agreement, the Parties agree as follows:

EXHIBIT 1

1. **Craven's Release:** Craven hereby forever waives, releases, absolves, and discharges the Company, its predecessors, successors, assigns, parents, subsidiaries, affiliates, board members, third-party administrators, insurers, agents, attorneys, officers, members, shareholders, directors, current and former employees (including, but not limited to, Carl McCaffree) (collectively, "the Released Parties"), whether known or unknown, from any and all claims, charges, demands for relief, or causes of action, whether known or unknown, arising from acts or omissions of any of the Released Parties occurring at any time before or as of the date of Craven's execution of this Agreement.  This release includes, but is not limited to, claims arising under the following statutes or the common law: the Kansas Act Against Discrimination; the Kansas Age Discrimination in Employment Act; the Missouri Human Rights Act; Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Fair Labor Standards Act, including the anti-retaliation provisions of the Fair Labor Standards Act; the Employee Retirement Income Security Act; claims for discrimination or retaliation arising under RSMO. § 287.780; Kansas laws regarding the payment of wages; claims for public policy wrongful discharge; any claims for wrongful discharge, discrimination, retaliation, harassment, breach of contract, intentional or negligent infliction of emotional distress, defamation, interference with contract, assault, battery, negligence, fraud; or any other cause of action based on federal, state, or local law or the common law, whether in tort or in contract. Craven further agrees that, to the fullest extent permitted by state or federal law, she will not institute any legal or administrative proceeding or otherwise make any complaints about the Released Parties relating in any way to Craven's employment with the Company, the business of the Company, compensation during or following her employment, or the termination of her employment with the Company.  Craven further agrees that this full and complete release includes the satisfaction of any claims she may have for emotional distress, embarrassment, humiliation, anxiety, injury to reputation and indignity to her person, unpaid wages (including overtime pay), commissions, bonuses, general damages, liquidated damages, punitive damages, reinstatement, prejudgment interest, attorneys' fees, costs, expenses, or any other form of legal or equitable relief.  Craven further acknowledges that the payment by the Company of the amounts contained in Paragraph 3 of this Agreement will be in accord and satisfaction of any amounts she claims she is owed by the Company in connection with her employment with the Company.

2. **Hutson's Release:** Hutson hereby forever waives, releases, absolves, and discharges the Company, its predecessors, successors, assigns, parents, subsidiaries, affiliates, board members, third-party administrators, insurers, agents, attorneys, officers, members, shareholders, directors, current and former employees (including, but not limited to, Carl McCaffree) (collectively, "the Released Parties"), whether known or unknown, from any and all claims, charges, demands for relief, or causes of action, whether known or unknown, arising from acts or omissions of any of the Released Parties occurring at any time before or as of the date of Hutson's execution of this Agreement.  This release includes, but is not limited to, claims arising under the following statutes or the common law: the Kansas Act Against Discrimination; the Kansas Age Discrimination in Employment Act; the Missouri Human Rights Act; Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Fair Labor Standards Act, including the anti-retaliation provisions of the Fair Labor Standards Act; the Employee Retirement Income Security Act; claims for discrimination or retaliation arising under RSMO. § 287.780; Kansas laws regarding the payment of wages; claims for public policy wrongful discharge; any claims for wrongful discharge, discrimination, retaliation, harassment, breach of contract, intentional or negligent

infliction of emotional distress, defamation, interference with contract, assault, battery, negligence, fraud; or any other cause of action based on federal, state, or local law or the common law, whether in tort or in contract. Hutson further agrees that, to the fullest extent permitted by state or federal law, she will not institute any legal or administrative proceeding or otherwise make any complaints about the Released Parties relating in any way to Hutson's employment with the Company, the business of the Company, compensation during or following her employment, or the termination of her employment with the Company. Hutson further agrees that this full and complete release includes the satisfaction of any claims she may have for emotional distress, embarrassment, humiliation, anxiety, injury to reputation and indignity to her person, unpaid wages (including overtime pay), commissions, bonuses, general damages, liquidated damages, punitive damages, reinstatement, prejudgment interest, attorneys' fees, costs, expenses, or any other form of legal or equitable relief.  Hutson further acknowledges that the payment by the Company of the amounts contained in Paragraph 3 of this Agreement will be in accord and satisfaction of any amounts she claims she is owed by the Company in connection with her employment with the Company.

   **3.**  **Payment:** The Company agrees that it will, within fourteen (14) days following the Court's approval of this Agreement and upon receipt by the Company of IRS Form W9s signed by Craven, Hutson, and their attorneys, pay Craven, Hutson, and their attorneys the amounts set forth in this Paragraph in exchange for the covenants, conditions, and obligations set forth by Craven and Hutson in this Agreement.  The payment will be made as follows:

  i. The Company will deliver a check to Craven's attorney made payable to "Diana Kay Craven" in the gross total amount of Three Thousand Eight Hundred Dollars and No Cents ($3,800.00), less any withholdings required by law, in full and complete satisfaction of Craven's disputed claims for unpaid overtime alleged in the Lawsuit.  The Company will issue to Craven an IRS Form W-2 in connection with this payment;

  ii. The Company will deliver a check to Craven's attorney made payable to "Diana Kay Craven" in the gross total amount of Three Thousand Eight Hundred Dollars and No Cents ($3,800.00), in satisfaction of any and all disputed claims for non-pecuniary damages alleged in the Lawsuit, including but not limited to Craven's disputed claims for liquidated damages.  The Company will issue to Craven an IRS Form 1099 in connection with this payment;

  iii. The Company will deliver a check to Hutson's attorney made payable to "Debra Hutson" in the gross total amount of Five Thousand Nine Hundred Fifty Dollars and No Cents ($5,950.00), less any withholdings required by law, in full and complete satisfaction of Craven's disputed claims for unpaid overtime alleged in the Lawsuit.  The Company will issue to Hutson an IRS Form W-2 in connection with this payment;

  iv. The Company will deliver a check to Hutson's attorney made payable to "Debra Hutson" in the gross total amount of Five Thousand Nine Hundred Fifty Dollars and No Cents ($5,950.00), in satisfaction of any and all disputed claims for non-pecuniary damages alleged in the Lawsuit, including but not limited to Hutson's

disputed claims for liquidated damages.  The Company will issue to Hutson an IRS Form 1099 in connection with this payment;

the Company will deliver a check to Craven's and Hutson's attorneys made payable to "Sanford Law Firm, PLLC" in the amount of Fifteen Thousand Found Hundred Dollars and No Cents ($15,400.00), in satisfaction of Craven's and Hutson's disputed attorneys' fees and costs incurred in connection with the prosecution of Craven's and Hutson's claims.

4. **No Representations as To Taxability of Proceeds From This Agreement:** Craven and Hutson acknowledge and agree that the Company has not made any representations to them as to the taxability or nontaxability of the payments to be made pursuant to Paragraph 3 of this Agreement.  Craven and Hutson further acknowledge and agree that they will be solely responsible for the payment of any taxes or penalties that may be assessed by any taxing authority in connection with the payments made by the Company pursuant to Sub-Paragraphs 3(i) and 3(iii) of this Agreement and Craven and Hutson agree to indemnify and hold the Company harmless from any taxes or penalties assessed by any taxing authority against the Company in connection with the payments made under Paragraph 3 of this Agreement, other than required employer withholdings to be made on the payments for alleged unpaid overtime.

5. **Court Approval of Settlement and Dismissal of the Lawsuit:**  This Agreement is conditioned on the Court's approval of the terms of this Agreement.  The Parties will, through their attorneys, promptly prepare and file a motion with the Court asking the Court to approve this Agreement (while keeping the remaining terms of this Agreement confidential except as provided by law) and to dismiss the Lawsuit with prejudice.  Except as provided in this Agreement, the parties shall bear their own costs and attorneys' fees in connection with the Lawsuit.

6. **Hutson's Resignation from Employment:**  Hutson agrees she voluntarily resigns her employment effective October 1, 2021. Hutson further agrees that her job title will be changed from Escrow Closer to a non-licensed position as of the date of this Agreement.

7. **Waiver of Future Employment:**  Craven and Hutson agree and warrant that they each, by execution of this Agreement, remove themselves from the pool of potential applicants and that they will never in the future apply for, solicit, or accept employment (whether permanent, temporary, full-time, part-time, or through a temporary agency) with the Company or any of its affiliated companies, predecessors, successors, affiliates, assigns, parents, subsidiaries, or divisions.  In the event that Craven or Hutson accept employment with any entity (whether knowingly or unknowingly) in violation of the foregoing provision, Craven and Hutson agree that their employment may be immediately terminated, and they further waive any and all legal and/or equitable claims in relation thereto.

8. **Neutral Reference:**  The Company agrees to provide Craven and Hutson a neutral job reference, which would include only the dates of their employment, the positions held by them, and their rates of pay, provided Craven and Hutson refer all prospective employers to Carl McCaffree. Nothing in this Paragraph of this Agreement shall be deemed to preclude any person from providing truthful testimony or information pursuant to subpoena, court order, as required by law, or in conjunction with legal process.

9.      **Non-Disparagement:**  Craven and Hutson agree that they will neither make nor solicit any comments or statements, whether written or verbal, to the media, industry groups (such as professional or trade-related organizations and associations), on social media forums (such as Facebook, LinkedIn, or blogs), or to third parties (including but not limited to current or former employees of the Company and its affiliated entities) which may reasonably be considered to be derogatory, disparaging, or detrimental to the reputation of the Company, its owners, officer, or management-level employees, or its products and services. However, nothing in this Paragraph of this Agreement shall be deemed to preclude Craven and Hutson from providing truthful testimony or information pursuant to subpoena, court order, as required by law, in conjunction with legal process, or in response to inquiries from any regulatory or administrative agency.

10.     **Confidentiality:**  Craven and Hutson agree to keep strictly confidential the terms of this Agreement and the facts giving rise to the claims alleged in the Lawsuit.  Craven and Hutson agree that they will not disclose the terms of this Agreement and the facts giving rise to the claims alleged in the Lawsuit except: (i) to their attorneys or professional financial advisors; provided that each such person will be instructed to and must agree to treat the information strictly confidential in accordance with the terms of this Agreement; (ii) to any taxing authorities; (iii) to the Court as necessary to obtain the Court's approval of this Agreement; (iv) as compelled by law; or (v) to their respective spouse, if applicable.  In the event Craven or Hutson is compelled by law to disclose the terms of this Agreement or the facts giving rise to the claims alleged in the Lawsuit, Craven or Hutson must notify the Company in advance of such disclosure about the circumstances in which they are being compelled to disclose such information.  If asked by a third party about the status of the claims alleged in the Lawsuit, Craven and Hutson will respond to any such inquiry only by stating, in substance, that "the matter has been resolved."  Craven's and Hutson's compliance with their obligations under this Paragraph of this Agreement are material.

11.     **Medicare and Medicaid Warranty:**  Craven and Hutson warrant and represent that they are not enrolled in Medicare or a Medicare Advantage Plan or Medicaid, and are not a recipient of benefits from Medicare or a Medicare Advantage Plan or Medicaid.  Notwithstanding the foregoing, Craven and Hutson warrant and represent that it is solely their obligation to satisfy any and all liens and/or subrogation interests of any kind, including but not limited to any past and/or future liens, and including but not limited to any lien of or relating to legal services, healthcare services, held by Medicare, and/or Medicare Advantage and/or Medicaid against the amount paid to them under this Agreement.  Craven and Hutson will fully indemnify, defend, exonerate, and hold harmless the Released Parties from and against any claim by any subrogated interest and/or lienholder arising from the settlement and/or from payment by or on behalf of the Released Parties, individually and/or collectively, including but not limited to the costs of any litigation and/or attorneys' fees.  In reaching this settlement, the Parties acknowledge that they have attempted to resolve all matters between them in compliance with both state and federal law, and they believe that the settlement terms have adequately considered any actual and/or potential interest Medicare, Medicaid, Medicare Advantage Plan and/or any third party has or may have.  In no event do the settlement terms reflect any attempt to shift responsibility for payment of medical expenses to Medicare, Medicaid or Medicare Advantage. Craven and Hutson agree to waive any and all future actions against the Released Parties for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A). Further, Craven and Hutson agree to reasonably cooperate with the Released Parties upon request with respect to any claim that the Centers for Medicare & Medicaid Services (or any related agency representing Medicare's or Medicaid's interests) may

make and for which Craven and Hutson are required to indemnify the Released Parties under this Paragraph.

        12.    **No Admission Of Liability:**  The Parties acknowledge and agree that this Agreement is entered into as a compromise to avoid the time, trouble, and expense of litigating Craven's and Hutson's disputed claims alleged in the Lawsuit, and the Parties acknowledge and agree that the terms and conditions set forth in this Agreement should not be construed as an admission of liability by the Company or any entity or individual associated with the Company.

        13.    **Remedies and Attorneys' Fees and Costs:**  A non-breaching party will be entitled to injunctive relief (without bond) in connection with any breach or threatened breach of this Agreement, as well as any other remedy (including monetary damages) provided by law. In any action or proceeding arising under this Agreement, the prevailing party will be awarded and recover from the non-prevailing party the reasonable attorneys' fees and costs incurred by the prevailing party in such action or proceeding, in addition to any other remedy available at law or in equity.

        14.    **Severability:**  In the event any portion of this Agreement is held to be unenforceable, the remainder of the Agreement will remain in full force and effect and will be enforced in harmony with the purpose of the Agreement and the intent of the Parties at the time of its making.

        15.    **Applicable Law:**  This Agreement will be interpreted and construed in accordance with the laws of the State of Kansas.

        16.    **No Presumption Against Drafter:**  Craven and Hutson and the Company have cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, it will not be construed for or against any party.

        17.    **Successors:**  This Agreement will be binding upon and inure to the benefit of the Parties, as well as upon their heirs, next of kin, executors, administrators, successors, and assigns.

        18.    **Entire Agreement:**  The Parties stipulate that this Agreement represents the complete compromise and settlement of all actual or potential disputes as of its effective date.  Any and all prior agreements, either written or oral, that are not embodied in this Agreement are of no force and effect. No modification of this Agreement will be valid unless set forth in writing and signed by the Parties. The Parties agree that a signed copy of this Agreement will have the same force and effect as the original Agreement. The Parties agree that this Agreement may be executed electronically and in counterparts, and that each counterpart shall have the same force and effect as the original Agreement.

        19.    **Acknowledgments:**  Craven and Hutson hereby acknowledge and agree:

        a.    that they had reasonable time to review and consider the terms and effect of this Agreement, that they have hereby been told in writing to discuss the terms of this Agreement with an attorney of their own choosing before signing this Agreement, and that they have in fact consulted with an attorney of their own choosing about the terms and effect of this Agreement before signing it;

    b. that they understand that legal rights are being waived by signing this Agreement; however, this Agreement does not waive any rights or claims that may arise after this Agreement is signed by them;

    c. that they have reviewed this Agreement, that this Agreement is written in a manner that is understandable to them and that they understand the entirety of this Agreement and the effects of signing this Agreement; and

    D. THAT THEY SIGN THIS AGREEMENT AS THEIR OWN FREE ACT AND DEED, WITHOUT ANY COERCION OR DURESS, AND THAT THEY HEREBY RELEASE THE RIGHTS AND CLAIMS SET FORTH ABOVE IN EXCHANGE FOR THE CONSIDERATION SET FORTH IN THIS AGREEMENT TO WHICH THEY WOULD NOT OTHERWISE BE ENTITLED.

IN WITNESS WHEREOF, as their free and voluntary act, the Parties have executed this Agreement as of the date indicated.

_[signature]_  
DIANA KAY CRAVEN

09 / 16 / 2021  
Date

_[signature]_  
DEBRA HUTSON

09 / 16 / 2021  
Date

_[signature]_  
MCCAFFREE-SHORT TITLE COMPANY, INC.  
By: Authorized Agent

09/27/2021  
Date

RELEASE OF ATTORNEYS' LIEN:

_Sam Brown_  
SANFORD LAW FIRM PLLC  
By: Attorney for Diana Kay Craven and Debra Hutson

9/28/2021  
Date