**In the United States District Court
for the District of Kansas**

———————

Case No. 2:21-cv-02003-TC-GEB

———————

DIANA KAY CRAVEN, ET AL.,

*Plaintiffs*

v.

MCCAFFREE-SHORT TITLE COMPANY, INC., ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Plaintiffs Diana Kay Craven and Debra Hutson brought a collective action suit against their employer McCaffree-Short Title Company, Inc., and one of its directors, Carl McCaffree, for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* The parties entered into a settlement agreement. By joint motion, Doc. 30, they seek approval of that agreement. Because the agreement is fair and reasonable, the parties' motion is granted.

**I**

Craven and Hutson worked for McCaffree-Short Title Company, providing escrow services. Doc. 31 at 2. They worked about 50–60 hours per week and received a salary. *Id.* Both allege that the Company misclassified them as exempt from the FLSA's overtime requirements. *Id.*; Doc. 1 at ¶ 76. As a result, the Company failed to pay them overtime wages for their hours worked above forty each week. Doc. 1 at ¶ 77. Plaintiffs also allege that Defendant Carl McCaffree is individually liable under the FLSA. Doc. 31 at 2. Defendants deny these claims. Although Plaintiffs originally brought suit on behalf of themselves and similarly situated employees, they have now elected to proceed only on their individual claims. *Id.* at 7. After a status conference and settlement negotiations, the parties filed a Joint Notice of Settlement for Plaintiffs'

1

individual claims. Doc. 24. Two months later, they moved to approve the settlement. Doc. 30.

When employees sue their employer to recover wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Mpia v. Healthmate Int'l., LLC*, No. 19-2276, 2021 WL 2805374, at *1 (D. Kan. July 6, 2021); *Geist v. Handke*, No. 17-2317, 2018 WL 6204592, at *1 (D. Kan. Nov. 28, 2018). Requiring court approval of FLSA settlements furthers the statute's purpose of "protect[ing] certain groups . . . from substandard wages . . . due to the unequal bargaining power" between employers and employee. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To approve an FLSA settlement, the district court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food*, 679 F.2d at 1354. Also, any attorney's fees must be reasonable. *Mpia*, 2021 WL 2805374, at *1; *see* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

## II

The settlement agreement is approved. It arose out of a bona fide dispute over wages owed, and the terms are fair and equitable. Further, the agreement provides for reasonable attorney's fees.

### A

An FLSA settlement must arise from a bona fide dispute. To satisfy this requirement, parties must provide the district court with sufficient information to determine whether a bona fide dispute exists. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). This includes the nature of the dispute, the employer's business, the type of work performed by the employee, the employer's reasons for disputing the employee's right to a minimum wage or overtime, the employee's justification for the disputed wages, and each party's estimate of the number of hours worked and the applicable wage. *Mpia v. Healthmate Int'l., LLC*, No. 19-2276, 2021 WL 2805374, at *2 (D. Kan. July 6, 2021).

Here, the parties' pleading establishes that there is a bona fide dispute about whether the Company owed Craven and Hutson overtime wages under the FLSA. As a threshold matter, the parties dispute whether Plaintiffs' job duties were exempt from overtime requirements. Plaintiffs assert that they were not exempt employees under 29 U.S.C. § 213 because they "did not exercise independent judgment as to matters of significance in carrying out their duties." Doc. 1 at ¶ 45. For example, they were not asked to provide input on hiring decisions. *Id.* at ¶ 41–42. In carrying out their duties, they followed the policies and processes set by the Company. *Id.* at ¶ 47. And at all times, the Company "controlled their work schedules, duties, protocols, applications, assignments and employment conditions." *Id.* at ¶ 39. On the other hand, Defendants claim that the overtime requirements do not apply because Plaintiffs "performed the duties of an exempt executive, administrative, and/or professional employee." Doc. 9 at 25. Defendants also claim that Plaintiffs *did* exercise independent judgment as to matters of significance, including being asked to provide input on hiring and firing. Doc. 31 at 4. Even if Plaintiffs were not exempt under the FLSA and were therefore owed overtime wages, the parties dispute the amount of damages. Defendants argue that Craven and Hutson provided unreasonable estimates of their hours. *Id.* For their part, Craven and Hutson allege that the Company maintained accurate records of their time worked and "controlled their work schedules." *Id.*; Doc. 1 at ¶ 39. Finally, the parties dispute whether Plaintiffs are entitled to liquidated damages. Doc. 31 at 4; Doc. 1 at ¶ 90 (citing 29 U.S.C. § 216(b)). All told, there remain serious questions of law and fact about whether Plaintiffs are owed overtime wages.

### B

The terms of a proposed settlement must be fair and equitable to the parties. Courts regularly look to the fairness factors that apply to a proposed class action settlement under Rule 23(e). *Geist v. Handke*, No. 17-2317, 2018 WL 6204592, at *2 (D. Kan. Nov. 28, 2018). These factors include (i) whether the proposed settlement was fairly and honestly negotiated, (ii) whether serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt, (iii) whether the value of an immediate recovery outweighs the mere possibility of future relief after what could be protracted and expensive litigation, and (iv) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Additionally, courts must ensure that the settlement does

not undermine the FLSA's purpose to protect employees' rights from employers who wield superior bargaining power. *Lynn's Food*, 679 F.2d at 1352; *Mpia*, 2021 WL 2805374, at *2. For this latter analysis, it can be useful to consider the presence of similarly situated employees, the likelihood of recurrence, and the defendant's history of FLSA non-compliance. *Mpia*, 2021 WL 2805374, at *3 (citing *Valdez v. Se. Kan. Indep. Living Res. Ctr., Inc.*, No. 10-1194, 2011 WL 1231159, at *3 (D. Kan. Mar. 29, 2011)).

Again, the parties have sufficiently established that the settlement terms are fair and equitable. The parties reached agreement only after engaging in the procedures in the Court's Scheduling Order, Doc 31 at 6, including that the parties "meet and confer . . . in a good faith effort to settle all pending issues," Doc. 14 at 2, *see also* Docs. 21 & 23. For relief, the settlement provides Plaintiffs with reasonable compensation in light of the damages sought and the time and expense of uncertain litigation. Craven estimates her unpaid wages at $5,001; Hutson at $16,800. Docs. 31-2 & 31-3. Both also seek equivalent amounts in liquidated damages under 29 U.S.C. § 216(b). Doc. 1 at ¶ 90. Under the proposed settlement, Craven would receive $3,800 in unpaid overtime and the same amount in liquidated damages, for a total of $7,600. Doc. 31-1 at 3. Hutson would receive $5,950 in unpaid overtime and the same amount in liquidated damages, for a total of $11,900. *Id.* at 3–4. Thus, the settlement provides significant compensation relative to the amount in controversy. As for other concerns, there is no indication that the proposed settlement would thwart the purposes of the FLSA. Nor is there anything in the record to suggest a history of non-compliance by Defendants or to raise concerns of recurrence. Doc. 31 at 7. Nor does the settlement purport to resolve other current or former employees' claims against Defendants. Thus, in light of the factors noted above, the settlement is fair and equitable.

### C

Finally, any attorney's fees must be reasonable. To determine whether attorney's fees are reasonable, courts look to whether plaintiff's counsel is adequately compensated and to whether there are any conflicts of interest that taint the amount that the plaintiff will receive in compensation. *Mpia*, 2021 WL 2805374, at *3.

Once again, the parties have sufficiently established that the attorney's fees are reasonable in light of the totality of the litigation. Plaintiffs' counsel spent 60.7 hours litigating the case, with rates ranging

from $90 to $470 per hour, for a total value of $17,842.50 (plus $570 in costs). Doc. 31-4. Compared to this "lodestar," the proposed settlement agreement would provide counsel with $15,400 for fees and costs. *See United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233–34 (10th Cir. 2000). This represents 44 percent of the total settlement proceeds, Doc. 31 at 7, and is consistent with recent contingency fee settlements for FLSA misclassification claims. *E.g.*, *Mpia*, 2021 WL 2805374, at *3 (approving 58.8 percent contingency fee); *Geist*, 2018 WL 6204592, at *3 (40 percent). On an hourly basis, the fees come out to an average of $303.33. The parties allege that this rate is consistent with prevailing rates in the relevant market. Doc. 31 at 7; *see Wisneski v. Belmont Mgmt. Co., Inc.*, No. 19-2523, 2021 WL 1999094, at *3 (D. Kan. May 19, 2021) (finding $288 hourly rate in line with prevailing FLSA rates in Kansas); *see also United Phosphorous*, 205 F.3d at 1234 (referring to market for "analogous litigation"). Finally, nothing in the record indicates a conflict of interest between counsel and Plaintiffs.

### III

For these reasons, the parties' Joint Motion to Approve FLSA Settlement, Doc. 30, is approved.

It is so ordered.

Date:  November 24, 2021              \_s/ Toby Crouse_____
                                                    Toby Crouse
                                                    United States District Judge